IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN S. WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-0725-N |
| | § | |
| VOICE PUBLISHING, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This Order addresses Defendants Voice Publishing, Inc. ("Voice Publishing Company"), Dallas Voice[1], Leo Cusimano, Terry Thompson, and Robert Moore's first amended motion to dismiss [Doc. 9]. The Court grants the motion in part and dismisses Plaintiff Wright's claims for sexual harassment, unlawful discharge, detrimental reliance/breach of quasi-contract, and racial discrimination through favoritism. The only remaining claims are for defamation, conspiracy, and unpaid overtime under the Fair Labor Standards Act.

## I. THE EMPLOYMENT DISPUTE

According to his first amended complaint, Wright began employment for Dallas Voice in March 2007 as a news reporter. The complaint contains several allegations of acrimonious situations involving various individuals affiliated with Dallas Voice, which ultimately

---

[1]In their motion, Defendants note that Dallas Voice is not a separate entity, but rather a name under which Voice Publishing Company conducts business. *See* Defs.' Mot. Dismiss 2 n.1.

ORDER – PAGE 1

culminated in Wright's leaving the company in September 2013. Wright subsequently brought suit against Defendants for unpaid overtime, sexual harassment, unlawful discharge, detrimental reliance/breach of quasi-contract, defamation, conspiracy, and racial discrimination through favoritism. Defendants now move to dismiss all of Wright's claims except the claim for unpaid overtime. To date, Wright has not responded to Defendants' motion, though his response was due on April 21, 2014.

## II. STANDARD FOR DISMISSAL

When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations

must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

### III. THE COURT DISMISSES WRIGHT'S CLAIMS FOR SEXUAL HARASSMENT, UNLAWFUL DISCHARGE, DETRIMENTAL RELIANCE/BREACH OF QUASI-CONTRACT, AND RACIAL DISCRIMINATION THROUGH FAVORITISM

#### A. *Wright Fails to State a Claim for Sexual Harassment*

There is no claim for sexual harassment under Texas common law. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010). In his amended complaint, Wright appears to assert a cause of action for sexual harassment under Texas Labor Code Section 21.051(1). *See* Pl.'s First. Am. Compl. ¶ 117. Section 21.051(1) of the Labor Code provides that:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer: (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment[.]

TEX. LAB. CODE § 21.051(1). "Sexual harassment is one form of prohibited employment discrimination." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). "Sexual harassment claims generally take either of two forms: (1) quid pro quo harassment, in which employment benefits are conditioned on sexual favors; and (2) harassment that creates a hostile or offensive work environment." *Id.* at 445 n.5 (citing *Syndex Corp. v. Dean*, 820 S.W.2d 869, 871 (Tex. App. – Austin 1991, writ denied)). Upon review of the amended complaint, it appears as though Wright's claim falls under the hostile or offensive work environment category.

To prevail on a claim for hostile work environment due to sexual harassment, a plaintiff must establish "(1) they belong to a protected group; (2) they were subjected to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take remedial action." *City of San Antonio v. Cancel*, 261 S.W.3d 778, 784 (Tex. App. – Amarillo 2008, pet. denied). The plaintiff "must show discriminatory conduct 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Waffle House, Inc.*, 313 S.W.3d at 805–06 (citing *Harris v. Forklift Sys.*, Inc., 510 U.S. 17, 21 (1993)).

The factual allegations that appear to support this claim appear in paragraphs 25 through 30 of the amended complaint. *See* Pl.'s First Am. Compl. ¶¶ 25–30. Wright has failed to plead facts to support two of the above elements. First, he has alleged no facts suggesting that the harassment he allegedly suffered was based on his sex. Second, he has alleged no facts to support that the alleged harassment "affected a term, condition, or privilege of employment." His only allegation supporting a claim under Section 21.051(1) is that "the employer, based on Mr. Wright's sex, discriminated against Mr. Wright in connection with the terms, conditions or privileges of employment." This statement is no more than a recitation of the contents of the statute itself. It is accordingly insufficient to allege a claim for discrimination based on sexual harassment. Accordingly, for the above-stated reasons, the Court dismisses the sexual harassment claim.

### B. Wright Fails to State a Claim for Unlawful Discharge

In Cause Three of his amended complaint, Wright asserts a claim for unlawful discharge. "Under Texas law, *absent a specific agreement to the contrary*, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all." *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998) (emphasis added). Wright has alleged no facts supporting that there was a specific agreement altering his at-will employment. To the extent that Wright asserts that Dallas Voice's informal policies altered the employment relationship, such informal policies do not qualify as a "specific agreement" and accordingly do not alter the at-will employment relationship. *Herod v. Baptist Found. of Texas*, 89 S.W.3d 689, 694 (Tex. App. – Eastland 2002, no pet.). Therefore, Wright's employer was free to terminate his employment. Accordingly the Court dismisses the unlawful discharge claim.

### C. Wright Fails to State a Claim for Detrimental Reliance/Breach of Quasi-Contract

In Cause Four of the amended complaint, Wright asserts a claim for detrimental reliance/breach of quasi-contract. It appears as though this claim is predicated on the allegation that Cusimano encouraged Wright to buy a house and stated that he thought buying a home was "a great idea." *See* Pl.'s First Am. Compl. ¶ 18. Wright additionally appears to allege that because of this encouragement, he had a reasonable expectation of continued employment. *Id.* at ¶ 135.

Under Texas law, detrimental reliance is not a distinct cause of action. *Garcia v. Lucero*, 366 S.W.3d 275, 281 (Tex. App. – El Paso 2012, no pet.). Rather, it is an element

of a claim for promissory estoppel. *See Ludman v. Pac. Sw. Bank, F.S.B.*, 1998 WL 834677, at *3 (Tex. App. – Dallas 1998, no pet.) (not designated for publication). Accordingly, the Court will construe Cause Four as a claim for promissory estoppel. *See Garcia*, 366 S.W.3d at 281 (evaluating a detrimental reliance claim under the same criteria as a promissory estoppel claim); *Univ. of Texas Sys. v. Courtney*, 946 S.W.2d 464, 468 (Tex. App. – Fort Worth 1997, writ denied) ("The authorities we reviewed treated detrimental reliance as an equivalent to contractual promissory estoppel.").

In Texas, a promissory estoppel claim contains three elements: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). Wright's claim fails because he has not identified a promise upon which he substantially relied. None of the facts alleged in the complaint leads to a plausible inference that Cusimano's encouragement regarding buying a house could be construed as a promise of future employment. As Wright's petition does not identify a promise upon which he substantially relied, it does not state a plausible claim for promissory estoppel. The Court accordingly dismisses this claim.

Cause Four of the complaint also asserts a claim for breach of quasi-contract, also known as "implied-in-fact contract." "The elements of a contract, express or implied, are identical." *Univ. Nat. Bank v. Ernst & Whinney*, 773 S.W.2d 707, 710 (Tex. App. – San Antonio 1989, no writ). Therefore, "the elements of either type of contract are '(1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5)

execution and delivery of the contract with the intent that it be mutual and binding.'" *Plotkin v. Joekel*, 304 S.W.3d 455, 476 (Tex. App. – Houston [1st Dist.] 2009, pet. denied) (citing *DeClaire v. G & B McIntosh Family Ltd. P'Ship*, 260 S.W.3d 34, 44 (Tex. App.– Houston [1st Dist.] 2008, no pet.). The difference between an express contract and implied contract is that in express contracts, the assent element is expressly stated, but in an implied contract assent can be inferred from the circumstances surrounding the transaction. *Ernst & Whinney*, 773 S.W.2d at 710 (citing *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex.1972)).

Wright has not pled any facts to support any of these required elements. Nowhere does he allege that he made an offer, that the Defendants accepted the offer, that the parties had a meeting of the minds and consented to terms, or that the parties intended the contract to be binding. Moreover, no inference of these elements can be made based on the circumstances provided in the complaint. Wright simply has not pled facts to support the existence of a quasi-contract. Without a quasi-contract, there can be no breach of quasi-contract. Accordingly, Wright has failed to allege sufficient factual content to support a claim for breach of quasi-contract, and the Court dismisses this claim.

### D. Wright States a Claim for Defamation

Defendants contend that Wright's defamation claim should be dismissed because he has not plead sufficient factual content to support the claim. The Court disagrees. Wright alleges that Defendants published statements asserting "that he had committed insubordination, that he had acted in a manner that was unprofessional and that Mr. Wright

was justifiably terminated for cause." Pl.'s First. Am. Compl. ¶ 139. He further alleges that the statements were false, that they were shown to Dallas Voice employees, that they injured his reputation, that he suffered damages, and that the Defendants knew the statements were false. *Id.* ¶ 141–145. If assumed true, these allegations support a claim for defamation.[2] The Court accordingly does not dismiss the defamation claim.

The Court makes one important caveat, however. Wright also appears to base his defamation claim on statements made during a proceeding in front of the Texas Workforce Commission ("TWC"). *See* ¶¶ 78, 86, 90, 140, 149. As Defendants point out, these statements are absolutely privileged. *Krenek v. Abel*, 594 S.W.2d 821, 823 (Tex. App. – Waco 1980, no writ) ("[T]he rule that communications uttered or published in the course of a judicial proceeding are absolutely privileged, applies to proceedings before executive officers, and boards and commissions which exercise quasi-judicial powers such as the Texas Employment Commission in its determination of eligibility of benefits for plaintiff."). "[A]bsolutely privileged [statements] cannot constitute the basis of a civil action in damages for slander or libel." *Id.* Accordingly, Wright's defamation claim cannot be based on any statements offered to the TWC.

### E. Wright States a Claim for Conspiracy

Conspiracy is not a private cause of action, but rather a means of extending liability for wrongdoing to additional individuals. *See Carroll v. Timmers Chevrolet, Inc.*, 592

---

[2]Whether these alleged statements constitute slander per se and thus do not require pleading of special damages is not presently before the Court.

S.W.2d 922, 925–26 (Tex. 1979). "A civil conspiracy is generally defined as a combination of two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means." *Id.* at 925. Defendants contend that Wright has not pled an unlawful purpose. The Court disagrees. As mentioned above, Wright has pled sufficient factual content to support a claim for defamation, which is unlawful. Accordingly, Wright has adequately pled his conspiracy claim.

### *F. Wright Fails to State a Claim for Racial Discrimination Through Favoritism*

In Cause Seven of his amended complaint, Wright alleges a cause of action of racial discrimination through favoritism predicated on an allegation that Defendants gave an African-American special treatment. He does not, however, provide a statutory or common law basis for any such claim. Assuming that Wright is alleging a claim under Section 21.051, he must establish that he was "(1) a member of the class protected by the Act, (2) qualified for his or her employment position, (3) terminated by the employer, and (4) treated less favorably than similarly situated members of the opposing class." *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008). Wright must also allege that race was a motivating factor in a decision by Defendants to discriminate against him. *Id.* The factual allegations in support of this claim are sparse and nowhere does Wright allege that he suffered some adverse employment action as a result of discrimination against him. He also does not allege that the favoritism allegedly enjoyed by the employee occurred because of his race. Additionally, "[f]avoritism does not imply racial discrimination." *Price v. Fed. Exp. Corp.*,

127 F. Supp. 2d 801, 810 (S.D. Tex. 2001) *aff'd*, 283 F.3d 715 (5th Cir. 2002).  Without any basis in law or fact for this claim, the Court must dismiss it.

## CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss in part.  The only remaining claims are Wright's claims for defamation, conspiracy, and unpaid overtime under FLSA.

Signed November 20, 2014.

_____
David C. Godbey
United States District Judge